## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **MELINDA MEGAN TEER,** | § | |
| | § | |
| | § | **CIVIL ACTION NO.  6:21-CV-00063-JCB** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **COMMISSIONER, SOCIAL SECURITY** | § | |
| **ADMINISTRATION,** | § | |
| | § | |
| | § | |
| **Defendant.** | | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Before the court is Ronald Honig's petition to obtain approval of a fee for representing a social security claimant pursuant to 42 U.S.C. § 406(b). (Doc. No. 31.)  The Commissioner filed a response declining to take a position on the reasonableness of counsel's request as the Commissioner is not a true party in interest. (Doc. No. 33.) The petition was referred to the undersigned. (Doc. No. 32.) For the reasons stated herein, it is **RECOMMENDED** that Mr. Honig's petition (Doc. No. 31) be **GRANTED**.

### BACKGROUND

Plaintiff filed this case for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits on February 9, 2021. (Doc. No. 1.) On November 23, 2021, this action was remanded to the Commissioner. (Doc. No. 22.) On February 23, 2022, the court awarded $6,330.53 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2414 *et seq.* (Doc. No. 24.) Plaintiff then received a favorable finding from the Social Security Administration ("SSA") and a notice indicating she would receive $36,770.30 of past benefits, of

a total of $60,761.70 in past due Title II benefits. (Doc. No. 31-5, 31-7.) Plaintiff is also owed

$2,250.00 in past due SSI benefits. (Doc. No. 31-6.) The SSA withheld $15,170.98 for attorney's

fees from Plaintiff's award. (Doc. No. 31-5.)  Plaintiff's attorney of record now petitions the court

for fee authorization in the amount of $15,733.48 pursuant to 42 U.S.C. § 406(b) of the Social

Security Act for services rendered to Plaintiff in this matter.

## LEGAL STANDARD

The Social Security Act provides that when a court and ultimately an ALJ renders a

judgment favorable to a claimant who was represented by an attorney in a Social Security disability

matter, the court may determine and allow as part of its judgment a reasonable fee for such

representation, not in excess of 25 percent of the total for past-due benefits to which the claimant

is entitled. 42 U.S.C. § 406(b)(1).  The court must exercise its sound discretion in determining

whether fees pursuant to § 406(b) are reasonable.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 793

(2002); *Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir. 2010).  Courts consider at least three factors

in making this determination: (1) quality of the representation; (2) whether counsel was responsible

for delay in the litigation while benefits accumulate during the case; or (3) whether the award is a

"windfall" for counsel.  *Gisbrecht*, 535 U.S. at 808; *Jeter*, 622 F.3d at 377.

## DISCUSSION

Here, Plaintiff's counsel ultimately requests the amount withheld from claimant's past due

Title II benefits in the amount of $15,170.98, plus $562.50 as an attorney fee for the net SSI past

due benefits, representing 25% percent of total past-due benefits. (Doc. No. 31.) Thus, counsel's

request for $15,733.48 in fees is within the amount authorized by statute. 42 U.S.C. § 406(b)(1);

Doc. Nos. 31-6, 31-7. Plaintiff's counsel further attaches his fee agreement with Plaintiff agreeing

that a fee of 25% of total past due benefits is appropriate in connection with representation in this matter. (Doc. No. 31-2.)

Having reviewed the petition and the circumstances of this case, the court does not find the requested amount to be unreasonable. Indeed, the amount does not exceed the statutorily prescribed amount for fees, it is consistent with the contingency agreement, counsel's representation resulted in a fully favorable result for Plaintiff, and there appears to be no significant delay in this litigation and the seeking of fees from the final award that issued on September 14, 2023. (Doc. No. 31-5.) Further, the requested award does not appear to be a "windfall" for Plaintiff's counsel who took on risk in agreeing to represent Plaintiff on a contingency basis in federal court and spent 28.95 hours litigating this case in this court. (Doc. No. 31-9.) Plaintiff's counsel submits his non-contingent hourly rate for non-Social Security matters is $375.00 per hour. (Doc. No. 31, at 13.) Given the 28.95 hours of work done in this case, the work done in this matter comes out to an hourly rate of $543.47, essentially one and two-third times the stated standard hourly rate. The court does not find this rate to be unreasonable under the circumstances. *See Doucet v. Berryhill*, No. 15-CV-2115-B-BN, 2017 WL 5891792, at *4 (N.D. Tex. Oct. 23, 2017) (finding a fee of 2.5 times the standard hourly rate of $375.00 to be reasonable).

### CONCLUSION

Accordingly, the court agrees the fee amount is a reasonable award and **RECOMMENDS** that Mr. Honig's petition (Doc. No. 31) be **GRANTED** and that the Commissioner pay the requested § 406(b) fee award to Plaintiff's counsel in the amount of $15,733.48. It is further **RECOMMENDED** that, concomitant with the award of attorney fees under § 406(b) herein, Plaintiff's counsel shall refund the amount of $6,330.53 in EAJA fees to Plaintiff.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 3rd day of October, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE